UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| NORMAN SHAW, JR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 13-1266 |
| | ) | |
| RICARDO RIOS, WARDEN | ) | |
| | ) | |
| Warden. | ) | |

**ORDER**

The Petitioner, Norman Shaw ("Shaw"), has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a person in federal custody. For the following reasons, the Petition [1] is dismissed without prejudice.

**Background**

Shaw is a federal inmate currently in custody at the Federal Correctional Institution in Pekin, Illinois. On June 14, 2013, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Ricardo Rios ("Respondent"), the warden of FCI Pekin. Shaw alleges that on August 1, 2012, Officer Herrmann unlawfully seized and Lieutenant Rivera, Officer Hayes and Officer Herrmann participated in an unlawful strip search of Petitioner's person for contraband. During the search, Herrmann found a rolled piece of paper containing a green leafy substance, later identified as synthetic marijuana. Herrmann also found four brown rocks, later identified as heroin, on Shaw's person. The officers then led Petitioner to the Special Housing Unit, where he has resided since August 1, 2012. Petitioner received the incident report on October 11, 2012, and he has since been indicted on federal charges stemming from this incident.

Shaw's Petition alleges that the officers violated his rights by seizing and searching him. As relief, Petitioner requests that the Court declare the search to have been unlawful under the Fourth Amendment and presumably, suppress the contraband found pursuant to this search. This Order follows.

## Discussion

Pursuant to 28 U.S.C. §§ 2243, 2255 and Rule 4, this Court must undertake a preliminary review of the Petition to determine whether or not it could have merit. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also* Rule 1(b) allowing the application of Rule 4 to all types of habeas corpus cases. As more fully detailed below, the Court finds that the Petitioner is not entitled to the relief he seeks and the Petition is hereby dismissed.

A petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 is appropriate when a defendant "is attacking the fact or length of his confinement." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994); *Alhassan v. Hagee*, 424 F.3d 518, 521-22 (7th Cir. 2005). The writ of habeas corpus may be granted where a defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, a § 2241 petition is not a mechanism to raise claims that are properly brought in a criminal proceeding.

The Court takes judicial notice of the pending criminal action against Shaw. *USA v. Norman Shaw, Jr.*, ILCD Case No. 13-CR-10068. As noted above, Shaw requests this Court to find that the August 1, 2012 search was unlawful and in violation of the Fourth Amendment. The underlying criminal case is directly related to the allegations raised in his Petitions, and Shaw will have an

opportunity to raise his objection to the evidence in that case. *Id*., (ECF No. 1) ("On or around August 1, 2012, in Tazewell County, in the Central District of Illinois, NORMAN SHAW JR., the defendant herein, an inmate in the Federal Correctional Institution in Pekin, Illinois possessed a prohibited object, that is Marijuana.") *See also, Jones v. Perkins*, 245 U.S. 390, 391-91(1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). The Court finds no exceptional circumstances present that would compel this Court to review Shaw's claim. The Court further finds that doing so at this stage would improperly turn this proceeding into a pre-trial motion forum. Accordingly, the Court dismisses the Petition without prejudice.

**Conclusion**

The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] by a person in federal custody is dismissed without prejudice. This matter is now terminated.

Entered this 26th day of August, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
